18-3290-cr
*United States v. Peralta*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand nineteen.

PRESENT:
>       ROBERT D. SACK,
>       PETER W. HALL,
>       JOSEPH F. BIANCO,
>           *Circuit Judges*,

UNITED STATES OF AMERICA,

>           *Appellee*,

>       v.                                                  No. 18-3290-cr

MARCO ANTONIO LAM PERALTA, AKA MARCO ANTONIO LAM, AKA TONY LAM, AKA ALEX LAM, AKA MARCO ANTONIO LAMPERALTA, AKA ANTHONY LAM, AKA MARCO LAM

>           *Defendant-Appellant*,

DIEGO WALTHER ANIBAL MEJIA PAREDES,

>           *Defendant*.

1

Appearing for *Appellee*:    MICHAEL P. DRESCHER (Gregory L. Waples, *on the brief*) *for* Christina E. Nolan, United States Attorney for the District of Vermont, Burlington, VT.

Appearing for *Defendant-Appellant*:    DAVID J. WILLIAMS, Jarvis, McArthur & Williams, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Sessions, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-Appellant Marco Antonio Lam Peralta ("Lam") appeals from a July 9, 2019, judgment, following a guilty plea, sentencing him to 120-months imprisonment. On appeal, Lam argues that the district court erred by denying his motion to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B). We assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

The Federal Rules of Criminal Procedure permit a defendant to withdraw a guilty plea before sentencing when "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In

evaluating whether a defendant meets Rule 11(d)(2)(B)'s "fair and just" standard, courts consider, *inter alia*: "(1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion . . . ; and (3) whether the government would be prejudiced by a withdrawal of the plea." *United States v. Rivernider*, 828 F.3d 91, 104 (2d Cir. 2016) (quoting *United States v. Schmidt*, 373 F.3d 101, 102–03 (2d Cir. 2004)). Further, when a defendant asserts that the decision to plead guilty was involuntary, the "defendant must raise a significant question about the voluntariness of the original plea," *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997), and "*a fortiori* the court must focus on voluntariness." *United States v. Rosen*, 409 F.3d 535, 548 (2d Cir. 2005).

"We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion and any findings of fact in connection with that decision for clear error." *United States v. Juncal*, 245 F.3d 166, 170–71 (2d Cir. 2001) (citation omitted). Applying these standards, we conclude that the district court did not exceed the bounds of its discretion in denying Lam's motion.

Lam contends, *inter alia*, that the district court improperly weighed against him the timeliness of his motion to withdraw his plea and that the court applied

3

the wrong legal standard in evaluating both Lam's claims of legal innocence and prejudice to the government. Ultimately, Lam asserts that the totality of the circumstances demonstrates that his guilty plea was not knowing and voluntary. We are not persuaded.

Although Lam argues there is a serious question as to the voluntariness of his plea, the record in this case belies his contention. While he may have felt significant pressure to choose between two unfavorable options, such pressure does not rise to the level of coercion sufficient to render his guilty plea involuntary. Moreover, Lam points to no other evidence suggesting that his guilty plea was not voluntary.

At Lam's change of plea hearing, the court thoroughly reviewed the nature of the charge, the potential penalties, and the rights that Lam was forfeiting by pleading guilty. It also provided Lam with many opportunities to confer privately with his attorney, and it made sure that Lam agreed with the government's factual proffer. Further, when Lam later sought to withdraw his plea, the court held an evidentiary hearing and explored Lam's claim that his attorney coerced his guilty plea. After considering testimony from both Lam's former attorney and Lam, the court found the attorney's testimony credible and

determined that the attorney did not "coerce or force [Lam] into pleading guilty." JA–461, 464.

In reaching its decision, the district court noted explicitly that it "does not doubt that [the] Attorney . . . strongly expressed his view to Defendant that pleading guilty was his best option. However, this sort of counseling is not coercion[.]" *Id.* at 465. The district court's analysis comports with our precedent that "defense counsel's blunt rendering of an honest but negative assessment of appellant's chances at trial, combined with advice to enter the plea, [does not] constitute improper behavior or coercion that would suffice to invalidate a plea." *Juncal*, 245 F.3d at 172.

In addition, Lam did not sufficiently assert his innocence in his motion to withdraw his plea. We have held that "self-inculpatory statements made under oath 'carry a strong presumption of verity.'" *United States v. Maher*, 108 F.3d 1513, 1530 (2d Cir. 1997) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Further, we require defendants to provide evidence supporting a claim of innocence. *United States v. Hirsch*, 239 F.3d 221, 225 (2d Cir. 2001). "A defendant's bald statements that simply contradict what he said at his plea

allocution are not sufficient grounds to withdraw the guilty plea." *Torres*, 129 F.3d at 715 (citation omitted).

Here, Lam presented no evidence supporting his claim of legal innocence. Instead, Lam merely recounts that he expressed his innocence throughout his arrest and court proceedings, except when he signed the plea agreement on August 4, 2017, and when he changed his plea to guilty on August 14, 2017. Without evidence supporting Lam's assertion of innocence, therefore, the district court properly gave Lam's "bald" assertion little credit. *Torres*, 129 F.3d at 715; *see United States v. Gonzalez*, 647 F.3d 41, 60 (2d. Cir. 2011) (finding no justification for withdrawal when defendant "asserted in his affidavit that he wished to prove his 'legal innocence' . . . and that he had 'never wavered in his desire to prove his legal innocence' . . . [but] did not refer to anything that would corroborate a claim of innocence").

Contrary to Lam's argument, the district court did not hold Lam to an incorrect "consistency" standard. Rather, the court found that Lam admitted guilt under oath at his plea allocution and did not provide sufficient evidence to overcome that earlier admission.

6

The district court, moreover, properly considered the timeliness of Lam's motion as a factor weighing "slightly" against the withdrawal of his guilty plea. JA–463. The court acknowledged that "[c]ompared to other cases, [one month] is not that long a period of time." JA–462. Still, timeliness is only one of several factors that a district court should consider in evaluating a motion to withdraw a guilty plea. *See Rivernider*, 828 F.3d at 104. Even when defendants quickly request to withdraw their guilty pleas, we have found such requests insufficient when the defendant has not otherwise demonstrated grounds to justify withdrawal.[1] As Lam neither raises a significant question regarding voluntariness nor supports his claim of legal innocence, the district court did not abuse its discretion by weighing this factor again him.

Finally, contrary to Lam's argument, the district court applied the correct legal standard in considering prejudice to the government. Lam points out that the government has not pointed to any case-specific prejudice. He argues that if expending resources were sufficiently prejudicial, then Rule 11(d)(2)(B) would be rendered superfluous, as every plea withdrawal necessarily requires the government to expend resources for trial.

---

[1] This court has ruled similarly in other instances. *See United States v. Scott*, 569 F. App'x. 55, 57 (2d Cir. 2014) (summary order); *United States v. Desrosier*, 431 F. App'x. 36, 37 (2d Cir. 2011) (summary order).

While we have found there to be case-specific prejudice in some instances, *see, e.g.*, *United States v. Carreto*, 583 F.3d 152, 157 (2d Cir. 2009), this court only requires the government to show prejudice once the defendant demonstrates a "fair and just" reason for withdrawal. *Maher*, 108 F.3d at 1529. Because Lam did not meet his burden to demonstrate that his plea was involuntary, the government was not required to show prejudice. Nonetheless, it was not an abuse of discretion for the district court to consider that factor. *See United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992) ("The [g]overnment is not required to show prejudice when opposing a defendant's motion to withdraw a guilty plea where the defendant has shown no sufficient grounds for permitting withdrawal; however, the presence or absence of such prejudice may be considered by the district court in exercising its discretion.") (citation omitted).

Lam's argument also treats prejudice to the government as a dispositive factor. But general prejudice would only render Rule 11(d)(2)(B) superfluous if *any* showing of prejudice defeated a motion for withdrawal. Instead, courts "exercise . . . discretion in balancing these competing concerns." *Maher*, 108 F.3d at 1529 (citation omitted).

Considering these factors, the district court did not abuse its discretion when it denied Lam's motion to withdraw his guilty plea. We have considered Lam's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court